# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LAWRENCE JONES,<br>    Plaintiff | Case No. 1:10-cv-107<br>Dlott, J. |
| vs | |
| OHIO AND THE BLACK<br>SYNDICATES, et al.,<br>    Defendants | **ORDER** |

Plaintiff, a patient at Summit Behavorial Healthcare, a State of Ohio forensic psychiatric facility, brings this action pro se against "Ohio and the Black Syndicates" and eight other individuals. Plaintiff has failed to submit the $350.00 filing fee. His request to proceed *in forma pauperis* is not signed and incomplete. *See* 28 U.S.C. § 1915(a)(2). The Court will not enter a deficiency order in this regard, however, because plaintiff is not entitled to proceed with this matter *in forma pauperis* in any event in view of his history of frivolous litigation.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Jones is prevented from filing this civil action *in forma pauperis* because he has had three cases dismissed on the grounds that they are frivolous or malicious, or fail to state a claim upon which relief may be granted. *See Jones v. Black & White Syndicate,* Case No. 3:04-cv-268

(S.D. Ohio Aug. 19, 2004)(Doc. 4); *Jones v. Java Girls*, Case No. 3:04-cv-096 (S.D. Ohio May 18, 2004)(Doc. 4); *Jones v. Twin Valley Psychiatric System*, Case No. 1:99-cv-1061 (S.D. Ohio May 24, 2000)(Doc. 10). In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g). Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g). *See Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The Court is unable to discern from plaintiff's complaint any facts indicating he is under imminent danger of serious physical injury. Therefore, plaintiff does not meet the exception to section 1915(g).

For these reasons, plaintiff may not proceed *in forma pauperis* in this matter. Plaintiff is hereby assessed the full filing fee of $350.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

In addition, the Court finds plaintiff's complaint must be sua sponte dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Plaintiff's "complaint" consists of three separate pro se form complaints. Each alleges that "Charles Hunter" is the "ringleader," "Norman" is the "godfather," and "Buggs Syn/via and Wavely Racine West investigate the Department of Veterans Affairs V.A. pension center." The remainder of plaintiff's allegations are incomprehensible. The Court cannot tell what causes of action plaintiff believes he has against the defendants. Indeed, it appears from the face of the complaint that its content may be affected by plaintiff's mental condition. There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the

defendants over which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to file the three form complaints submitted by plaintiff as a single complaint.

**IT IS SO ORDERED.**

S/Susan J. Dlott
Susan J. Dlott, Chief Judge
United States District Court